UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARL REVELS | CIVIL ACTION |
| VERSUS | NO. 17-4175 |
| B.P. EXPLORATION & PRODUCTION, INC., ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendants BP Exploration & Production, Inc., BP American Production Company, and BP p.l.c.'s (collectively the "BP parties") motion for summary judgment.[1] Plaintiff Carl Revels does not oppose the motion. For the following reasons, the Court grants the motion, and dismisses plaintiff's complaint.

## I.  BACKGROUND

This case arises from plaintiff Carl Revels's alleged exposure to toxic chemicals following the *Deepwater Horizon* oil spill in the Gulf of Mexico. Plaintiff alleges that he assisted in the cleanup of the *Deepwater Horizon*

---

[1]  R. Doc. 41. The remaining defendants, Halliburton Energy Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling, Inc. join the BP parties' motion for summary judgment. *Id.* at 1 n.1.

spill.[2]  Revels asserts that, as part of this work, he was exposed to harmful chemicals, including crude oil, oil-dispersing chemicals, and decontaminants.[3]  Plaintiff asserts that this exposure has resulted in "dizziness, nausea, headaches, sinus problems, eye irritation, rashes, skin lesions and various pulmonary issues."[4]

Revels's case was originally part of the multidistrict litigation ("MDL") pending before Judge Carl J. Barbier.  Revels's case was severed from the MDL as one of the "B3" cases for plaintiffs who either opted out of, or were excluded from, the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement.[5]  Revels is a plaintiff who opted out of the settlement.[6]  After plaintiff's case was severed, it was reallocated to this Court.  On July 28, 2021, this Court issued a scheduling order that established, among other deadlines, that plaintiff's expert disclosures had to be "obtained and delivered" to defense counsel by no later than May 20, 2022.[7]  Defendants now move for summary judgment, arguing that, because

---

[2]   R. Doc. 1-1 at 9.
[3]   *Id.* at 8.
[4]   *Id.*
[5]   R. Doc. 1-1 at 6; *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mex., on Apr. 20, 2010*, No. MDL 2179, 2021 WL 6053613, at *2, 12 & n.12 (E.D. La. Apr. 1, 2021).
[6]   R. Doc. 1-1 at 2.
[7]   R. Doc. 24 at 1.

plaintiff has not identified any expert testimony, he is unable to carry his burden on causation.[8] Plaintiff has not filed an opposition to defendants' motion. The Court considers the motion below.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

---

[8]  R. Doc. 41-1 at 5-6.

§ 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a

4

genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995). When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)). Nevertheless, if the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

## III. DISCUSSION

Plaintiff asserts claims for general maritime negligence, negligence per se, and gross negligence against the defendants, as a result of the oil spill and its cleanup.[9] Defendants contend that plaintiff cannot prove that exposure to oil or dispersants was the legal cause of his alleged injuries, and thus that he cannot prove a necessary element of his claims against defendants.[10] "Under the general maritime law, a party's negligence is actionable only if it is a 'legal cause' of the plaintiff's injuries." *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). "Legal cause" is more than but-for causation; instead, the negligence "must be a 'substantial factor' in the injury." *Id.* (quoting *Thomas v. Express Boat Co.*, 759 F.2d 444, 448 (5th Cir. 1985)).

In a toxic tort case, "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden." *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996). And in cases, like this one, where the plaintiff "cannot expect lay fact-finders to understand medical causation[,] expert testimony is thus required to establish

---

9     R. Doc. 28 at 7-15 (Amended Complaint ¶¶ 19-49).
10    R. Doc. 41-1 at 5-6.

6

causation." *Seaman v. Seacor Marine L.L.C.*, 326 F. App'x 721, 723 (5th Cir. 2009) (per curiam); *see also Troxler v. BP Expl. & Prod., Inc.*, No. 17-4207, 2022 WL 1081193, at *2 (E.D. La. Apr. 11, 2022) (noting that "the causal connection between exposure to oil or dispersants and Plaintiff's injuries is not within the common knowledge of a layperson").

    Here, there is no indication that plaintiff has retained an expert to provide testimony at trial to establish general causation or, to the extent medical expert testimony is required, to establish specific causation. *See* Fed. R. Civ. P. 26(a)(2)(B). Nor is there an indication that plaintiff will present expert causation testimony from his treating physician. *See* Fed. R. Civ. P. 26(a)(2)(C). Plaintiff did not make any expert disclosures by the Court-ordered deadline,[11] nor did he move for an extension. *See* Fed. R. Civ. P. 26(a)(2)(D) ("A party must make these disclosures at the times and in the sequence that the court orders."). Without the requisite expert testimony on general and specific causation, plaintiff is unable to carry his burden on causation. *See Troxler*, 2022 WL 1081193, at *2 ("In a toxic tort suit[,] . . . plaintiff must present admissible expert testimony to establish general causation as well as specific causation." (quoting *Seaman v. Seacor Marine LLC*, 564 F. Supp. 2d 598, 600 (E.D. La. 2008))).

---

11    R. Doc. 24 at 1.

Because he cannot prove a necessary element of his claims against defendants, his claims must be dismissed. *See Williams v. BP Expl. & Prod., Inc.*, No. 18-9753, 2019 WL 6615504, at *11 (E.D. La. Dec. 5, 2019) ("When a plaintiff has no expert testimony to prove his medical diagnosis or causation at trial, the plaintiff's suit may be dismissed at the summary judgment stage.").

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this \_\_8th\_\_ day of July, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE